UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD ALLEN WHEELER,

    Petitioner,                      Civil No. 2:20-CV-10386
                                                HONORABLE SEAN F. COX

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Todd Allen Wheeler, ("petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of third-degree criminal sexual conduct (two counts of penis-vaginal penetration knowing or having reason to know that the victim is mentally incapable or mentally incapacitated and one count of penis-oral penetration knowing or having reason to know that the victim is mentally incapable or mentally incapacitated), Mich. Comp. Laws § 750.520d(1)(c), and being a second felony habitual offender, Mich. Comp. Laws § 769.10. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was tried and convicted of the above charges after being tried jointly by a single jury with co-defendant Hooper Jackson Parsley in the Kent County Circuit Court. This Court recites verbatim the relevant facts and procedural history regarding petitioner's conviction from the Michigan Court of Appeals' opinion on remand, which are presumed correct on habeas

1

review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g., Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> These cases involve separate criminal sexual conduct charges lodged against each defendant for engaging in sexual relationships, each with a separate 18–year–old special education high school students. Wheeler rented a room from Parsley and resided in Parsley's home. Wheeler is also the father of one of the alleged victims, S.W., who was involved in a sexual relationship with Parsley. S.W. resided with her grandparents. The other alleged victim, E.S., had been friends with S.W. for years and the two attended school together. E.S. was involved in a sexual relationship with Wheeler. The individual sexual relationships began in September 2014, after both young women had attained 18 years of age. Defendants and the young women began their interactions by spending time at Parsley's home, and engaged in typical dating activities such as going to restaurants, shopping, and various community excursions. Although each defendant was charged separately for crimes relating to separate victims on unspecified dates, and each had a separate preliminary examination, at some point the trial court (sua sponte) determined that the matters would be tried jointly. Parsley's counsel moved to sever the trials but the trial court denied the motion indicating that it saw no reason to do so. At the conclusion of the trial before a single jury, defendants were each convicted of three counts of third degree criminal sexual conduct (CSC III), as indicated above.
>
> On appeal, both defendants claimed there was insufficient evidence to support their convictions and in Docket No. 327924, Parsley additionally argued that the trial court erred in denying his pre-trial motion to sever the trials. *People v. Wheeler*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2106 (Docket Nos. 327634; 327924). We determined that there was sufficient evidence to support defendants' convictions but found that joinder of their trials was improper under MCR 6.121. *Id.* at slip op. page 7. Thus, in Docket No. 327634, we affirmed defendant Wheeler's conviction, and in Docket No. 327924, we reversed defendant Parsley's conviction because the trial court erred as matter of law in joining his and Wheeler's charges for trial, and we remanded for a new, separate trial. *Id.* at slip op. page 8.
>
> The Michigan Supreme Court remanded the consolidated cases to this Court. In Docket No. 327634, the Supreme Court directed us to "address the defendant's claim, raised for the first time in this Court, that his appellate counsel was ineffective for failing to challenge on appeal: (1) the joinder of his and Hooper Jackson Parsley's trials; and (2) his trial counsel's ineffectiveness for failing to oppose that joinder." *People v. Wheeler*, 500 Mich 1032; 897 N.W.2d 742 (2017). The Supreme Court directed that this Court should retain jurisdiction and first remand the matter to the trial court to conduct an evidentiary hearing to determine whether the defendant was deprived of his right to the effective assistance of trial and appellate counsel, and then, after conclusion of the circuit court remand

2

proceeding, to address the ineffective assistance of counsel claims raised by defendant Wheeler. *Id.*

In Docket No. 327924, our Supreme Court vacated "that part of the judgment of the Court of Appeals reversing, without a showing of prejudice, the defendant's convictions because the trial court erred by joining his case with Todd Allen Wheeler's case for trial." *People v. Parsley*, 500 Mich 1033; 897 N.W.2d 742 (2017). Our Supreme Court remanded the case to this Court for consideration of whether the error in joining Parsley and Wheeler's trials was harmless. *Id.*

In Docket No. 327634, this Court, pursuant to our Supreme Court's instruction and order, remanded Wheeler's case to the trial court to appoint counsel to represent Wheeler and to conduct a *Ginther*[1] hearing "to determine whether defendant was deprived of his right to the effective assistance of trial and appellate counsel." The trial court proceedings in Docket No. 327634 have now been concluded and supplemental briefs in both cases have been filed pursuant to orders of this Court. See, *People v. Parsley*, unpublished order of the Court of Appeals, entered September 20, 2017 (Docket No. 327924); *People v. Wheeler*, unpublished order of the Court of Appeals, entered December 28, 2017 (Docket No. 327634). Based on this Court's ruling and our Supreme Court's directives, the more logical progression is to begin our analysis with Parsley's remand, followed by Wheeler's.

*People v. Wheeler*, No. 327634, 2018 WL 1935976, at *1–2 (Mich. Ct. App. Apr. 24, 2018).

On remand, the Michigan Court of Appeals reinstated co-defendant Parsley's conviction, finding that the failure to sever his trial from petitioner's trial was harmless, in light of all of the independent evidence of Parsley's guilt. *Id.* at * 3-6. The Michigan Court of Appeals affirmed petitioner's conviction, ruling that trial counsel was not ineffective for failing to move for a separate trial. *Id.* at *6-8.

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Wheeler,* 503 Mich. 929, 920 N.W.2d 586 (2018).

Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied. *Wheeler v. Michigan*, 140 S. Ct. 415 (2019).

---

[1] *People v. Ginther*, 390 Mich 436; 212 N.W.2d 922 (1973)(footnote original).

Petitioner seeks a petition for writ of habeas corpus on the following grounds:

I. Wheeler was denied constitutional right to due process under the 14th amendment to the United States constitution by the trial court's error in joining his case with Hooper Jackson Parsley, another defendant, for trial before the same jury. Trial counsel was ineffective for failure to move for severance.

II. Appellate counsel was ineffective for failure to raise improper joinder and ineffective assistance of trial counsel claims.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

## III. Discussion

The Court discusses petitioner's two claims together because they are interrelated. In his first claim, petitioner argues that trial counsel was ineffective for failing to move for a separate trial and/or join in co-defendant's motion for a separate trial. In his second claim, petitioner alleges that appellate counsel was ineffective for failing to raise this claim on petitioner's initial appeal of right before the Michigan Court of Appeals.

A defendant is required to satisfy a two-prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable professional assistance. *Id*. Stated differently, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

The Michigan Court of Appeals at length discussed the factual background of petitioner's ineffective assistance of counsel trial counsel claim:

> On December 1, 2017, the trial court held a *Ginther* hearing to address Wheeler's claims of ineffective assistance of trial counsel. At the hearing, Wheeler's trial counsel, Donald Pebley, testified that he first became aware that Wheeler and Parsley would be tried together when he got a notice for status conference and trial. Pebley testified that he did not file a motion for severance and, when he became aware that Parsley's counsel filed a motion or severance, did not join in that motion because he did not feel that Wheeler and Parsley's defenses were inconsistent or antagonistic. He testified that, in some ways, he felt that having the cases tried together may be a positive thing because it may show that S.W. and E.S. discussed the relationships and were capable of understanding what they were doing. Pebley further testified that his defense strategy from the beginning, which he discussed with Wheeler, was that E.S. was competent to make a decision whether to have a sexual relationship with Wheeler and that defense did not change after the trial court denied Parsley's motion to sever the trials. Pebley testified that he did not encounter any difficulties pursuing his theory of the case because Wheeler's trial was joined with Parsley's, nor was there any testimony or evidence admitted that he felt negatively impacted Wheeler's case in light of Parsley's case being presented as well. He testified that it "seemed to be identical."

*People v. Wheeler*, 2018 WL 1935976, at *6.

Petitioner is not entitled to relief on his ineffective assistance of trial counsel claim for several reasons.

First, the Michigan Court of Appeals, in rejecting his claim, found that trial counsel had a valid trial strategy for not seeking separate trials. *People v. Wheeler*, 2018 WL 1935976, *7. The Michigan Court of Appeals further held that in light of the fact that the trial court denied the co-defendant's motion for a separate trial, counsel was not ineffective for failing to concur in that motion or file his own motion to sever because it would have been futile to do so. *Id.*

Petitioner is not entitled to habeas relief because counsel's decision to forego filing a motion for a separate trial was a reasonable tactical decision to attempt to show that the victim in his case was mentally competent to consent to sexual relations with petitioner because she had

6

discussed these issues with petitioner's daughter, who was the co-defendant's victim. Because this was a reasonable tactical decision, petitioner failed to show counsel was ineffective. *See McQueen v. Scroggy*, 99 F.3d 1302, 1316 (6th Cir. 1996), *overruled on other grds by In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004). Moreover, petitioner cannot show that he was prejudiced by counsel's failure to seek a separate trial, since any such motion would have been denied, as evidenced by the trial court's denial of the co-defendant's motion. *Id.*

Petitioner also failed to show that he and his co-defendant had mutually antagonistic defenses. Antagonistic defenses occur "when one person's claim of innocence is predicated solely on the guilt of a co-defendant." *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993). In this case, there was no finger-pointing between the defendants nor did either defendant seek acquittal by seeking to place the blame for the crimes solely on the co-defendant. In light of the fact that the co-defendant's defense was not mutually antagonistic with petitioner's defense, counsel was not ineffective for failing to move for a separate trial. *See Lang v. Gundy,* 399 F. App'x 969, 975-76, 978 (6th Cir. 2010).

Lastly, as the Michigan Court of Appeals discussed in great detail, *see People v. Wheeler,* 2018 WL 1935976, at *7, "there was abundant "untainted" evidence, independent of Wheeler's relationship with Parsley, to question both E.S.'s ability to consent to engage in a sexual relationship and Wheeler's knowledge or reason to know that E.S.'s competency to consent was compromised." *Id.* Counsel's failure to move for a separate trial did not prejudice petitioner, in light of the overwhelming evidence of petitioner's guilt that was separate and apart from the evidence introduced against the co-defendant. *United States v. Shareef,* 190 F.3d 71, 78 (2d Cir. 1999). Petitioner is not entitled to relief on his first claim.

Petitioner in his second claim alleges that appellate counsel was ineffective for failing to raise petitioner's ineffective assistance of trial counsel claim on his initial appeal of right. Because trial counsel was not ineffective in failing to file a motion for a separate trial, petitioner is unable to establish that his first appellate counsel was ineffective for any alleged deficiency in failing to bring this ineffective assistance of trial counsel claim on his initial appeal of right. *See, e.g., Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). Petitioner is also unable to establish prejudice from his first appellate counsel's failure to raise this claim on his initial appeal of right, in light of the fact that the Michigan Supreme Court remanded this case to the trial court for a *Ginther* hearing and new appellate counsel was appointed, who briefed and raised the ineffective assistance of trial counsel claim before the trial court and the Michigan Court of Appeals on remand. *Funchess v. Wainwright,* 772 F.2d 683, 695 (11th Cir.1985)(where defense counsel failed to raise issue on first appeal but issue was fully briefed on second appeal, petitioner failed to show that he was prejudiced by defense counsel's previous inaction). Petitioner is not entitled to relief on his second claim.

### IV.  Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would

8

find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**(2)** A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.


Dated: January 11, 2023            s/Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge